[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 20-11890

———————————————

ALEYANDER FERNANDEZ-MINIET,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

———————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-578-731

———————————————

2                    Opinion of the Court                    20-11890

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

Aleyander Fernandez-Miniet, a native and citizen of Cuba, entered the United States without being admitted or paroled and without being in possession of a valid entry document.[1] During his removal proceedings, Fernandez-Miniet applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The immigration judge ("IJ") denied relief. The Board of Immigration Appeals ("BIA") affirmed. Fernandez-Miniet petitions this Court for review.

To enable our review, the BIA must give "reasoned consideration" to a petitioner's claims. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (internal quotation marks omitted). "To determine whether the Board gave reasoned consideration to a petition, we inquire only whether the Board considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (internal quotation marks omitted). "[W]e must be left with the conviction, based on the record before us, that the Board has considered and reasoned through the most

---

[1] Because we write only for the parties, we assume their familiarity with the factual and procedural background of this case and discuss only what is necessary to explain our decision.

20-11890                Opinion of the Court                3

relevant evidence of the case." *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1331 (11th Cir. 2019).

Here, the IJ[2] failed to give reasoned consideration to Fernandez-Miniet's asylum and withholding-of-removal claims insofar as those claims were based on a theory of past persecution. The whole of the IJ's past persecution analysis consisted of the following sentence: "[t]here is no evidence that [Fernandez-Miniet] suffered injuries that required extensive or prolonged medical treatment or that he was seriously injured or that he suffered broken bones or that he experienced long-term injuries or health complications." AR at 8.[3] Based on nothing other than the extent of the physical harm Fernandez-Miniet suffered at the hands of Cuban police, the IJ found that Fernandez-Miniet's treatment in Cuba did not rise to the level of past persecution.

Although the extent of physical harm suffered is relevant to the past persecution analysis, it is not the be-all and end-all. For example, "[a] credible death threat by a person who has the immediate ability to act on it constitutes persecution regardless of whether the threat is successfully carried out." *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1333–34 (11th Cir. 2010). The record reflects that, after Cuban police beat Fernandez-Miniet, causing his head to bleed

---

[2] Ordinarily, we would review only the BIA's decision. But, here, we review the IJ's decision because the BIA expressly adopted it. *See Jathursan*, 17 F.4th at 1372.

[3] "AR" refers to the administrative record.

profusely, they detained him for three days without access to water and threatened to make him "disappear . . . forever." AR at 26. After Fernandez-Miniet left Cuba, government officials told his mother "repeatedly" that they intended to make Fernandez-Miniet "disappear." *Id.* at 27. Although the IJ made passing reference to one of these disappearance threats in the background section of his written opinion, he did not discuss the threats in his substantive analysis of past persecution. Before we can assess the merits of Fernandez-Miniet's petition, we must be sure that the BIA, in adopting the IJ's decision, considered the disappearance threats cumulatively with the other evidence of Fernandez-Miniet's treatment in Cuba. We therefore grant Fernandez-Miniet's petition in part, vacate the BIA's order in part, and remand for further consideration.

Fernandez-Miniet raises other challenges to the BIA's decision. He argued in his brief and at oral argument that the BIA and the IJ failed to conduct a "pattern or practice" analysis when considering whether he had a well-founded fear of future persecution. He also argued that the IJ violated his procedural due process rights by, among other things, ignoring applicable regulations and depriving him of meaningful access to the evidentiary record. Fernandez-Miniet did not raise these claims to the BIA, however. We therefore do not have jurisdiction to consider them.[4] *See Jeune v. U.S.*

---

[4] Fernandez-Miniet's due process claims concern the IJ's purported failure to adhere to procedural safeguards. Fernandez-Miniet provides no explanation why it would have been outside the BIA's power to remedy those errors. *See*

*Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). We dismiss the petition in part with respect to Fernandez-Miniet's pattern or practice and procedural due process claims.

Fernandez-Miniet also contends that the BIA erred in denying his CAT claim. But he dedicates only a few conclusory sentences to this issue in his opening brief, failing to discuss the record or law in any meaningful way. As a result, he has abandoned any challenge related to his CAT claim. *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). The petition is therefore denied in part with respect to the CAT claim.

**GRANTED IN PART, DISMISSED IN PART, DENIED IN PART, AND REMANDED.**

---

*Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (observing that a petitioner's claim that he "was denied a full and fair hearing before a neutral factfinder . . . is precisely the kind of procedural error which requires exhaustion"). Thus, Fernandez-Miniet's due process claims are not exempt from the exhaustion requirement. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868 (11th Cir. 2018).